**STATE of Maine**

v.

**Ellsworth HANSCOM.**

Supreme Judicial Court of Maine.

Argued May 13, 1982.

Decided June 9, 1982.

David W. Crook, Dist. Atty., John Alsop (orally), Asst. Dist. Atty., Augusta, for plaintiff.

Lipman, Parks, Livingston, Lipman & Katz, P. A., Roger J. Katz (orally), Augusta, for defendant.

Before McKUSICK, C. J., and GODFREY, NICHOLS, ROBERTS, CARTER and VIOLETTE, JJ.

VIOLETTE, Justice.

The defendant, Ellsworth Hanscom, appeals from his conviction of burglary, 17–A M.R.S.A. § 401, and theft, 17–A M.R.S.A. § 353, entered by the Superior Court, Kennebec County, following a jury trial. The sole issue raised on appeal by the defendant is that the exclusion of certain testimony was erroneous, highly prejudicial, and consequently constitutes reversible error. We sustain the appeal and vacate the conviction.

## FACTS

Some time between 10:00 a.m. and 2:00 p.m. on December 29, 1980, the Jones residence in Windsor, Maine was broken into and various items taken therefrom. On that same day at approximately 3:00 p.m. the defendant sold various items of jewelry to a Hallowell antique dealer. It was subsequently established that these items were among those stolen from the Jones residence.

At trial, the defendant testified that at approximately 11—11:30 a.m. on December 29, 1980, he had a chance meeting with a man named Buzz on an Augusta street. He further testified that at that meeting he swapped his leather jacket to Buzz for a small leather pouch containing the jewelry he later sold to the antique dealer. Despite defense counsel's statement that he was not offering the testimony for the truth of the matter asserted, the trial judge excluded the defendant's testimony as to the substance of the conversation between him and Buzz at the time of the swap. The offer of proof in the record indicates that the defendant would have testified that Buzz told him that he had received the jewelry from his mother. Two witnesses, Mrs. Hanscom, the defendant's mother, and the defendant's girlfriend, both testified at trial that they saw the swap occur.

## EXCLUDED TESTIMONY

 The state conceded, in its brief on appeal and again at oral argument, that the ruling excluding the testimony at issue as hearsay was erroneous. After reading the trial transcript in this case, we agree that the statements were not offered for the truth of the matter asserted, the statements

were not hearsay, and consequently, the exclusion of testimony was erroneous. We further find the error to have been properly preserved for appeal. We consider, as the sole issue on appeal, whether the exclusion was prejudicial error requiring us to vacate the conviction, or mere harmless error.

■ The record indicates that at trial the state's entire case rested on the inference found in 17-A M.R.S.A. § 361(2) which provides as follows:

> Proof that the defendant was in exclusive possession of property that had recently been taken under circumstances constituting a violation of this chapter [theft] or of chapter 27 [robbery] shall give rise to a presumption that the defendant is guilty of the theft or robbery of the property, as the case may be, and proof that the theft or robbery occurred under circumstances constituting a violation of section 401 also shall give rise to a presumption that the defendant in exclusive possession of property recently so taken is guilty of burglary.

Having independently established that the Jones residence had been burglarized and that a theft had occurred, the state produced no evidence of the defendant's guilt other than the fact that he was in possession of recently stolen property thereby permitting an inference of guilt on the charges of burglary and theft. On this state of the evidence, the excluded testimony was material, and indeed was the defendant's only offered evidence tending to rebut the inference raised by the state. Because it was necessary for the jury to accept the section 361(2) inference in order to convict the defendant, any evidence tending to rebut that inference by raising a reasonable doubt as to the defendant's guilt was crucial to his case.

In sum, we decide that the defendant was entitled to have the jury hear and consider his entire story of how he came into possession of stolen property. We conclude that to allow the defendant to testify to only half of his story—how he got the jewelry, but not to allow him to testify what he was told when he received the jewelry, was highly prejudicial and requires us to vacate the conviction in this case. This case is indistinguishable from *State v. Crocker*, Me., 435 A.2d 1109 (1981).

The entry is:

Appeal sustained.

Judgment of conviction vacated.

Remanded to the Superior Court for further proceedings consistent with the opinion herein.

GODFREY, NICHOLS and CARTER, JJ., concur.

ROBERTS, Justice, with whom McKUSICK, Chief Justice joins, concurring.

I join in the opinion of the court, not because this case is indistinguishable from *State v. Crocker*, Me., 435 A.2d 1109 (1981) but precisely because it is distinguishable. In *Crocker* the State objected to the proffered testimony on the specific ground that it constituted hearsay "if being offered for the truth of the matter." *Id.* at 1110. Defense counsel in *Crocker*, however, never accepted that express limitation on the testimony's admissibility. Here, unlike the situation in *Crocker*, defense counsel expressly informed the court that he was *not* offering the statement for the truth of the matter asserted. I adhere to my position in *Crocker* and believe that the result reached by the court here is not inconsistent with that position. *See id.* at 1112–13 (Roberts, J., dissenting).