STATE of Maine

v.

John HARRIGAN.

Supreme Judicial Court of Maine.

Submitted on Briefs June 9, 1995.

Decided June 29, 1995.

Stephanie Anderson, Dist. Atty. and Julia A. Sheridan, Asst. Dist. Atty., Portland, for the State.

Jane Elizabeth Lee, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

ROBERTS, Justice.

John Harrigan appeals from the judgment of conviction entered in the Superior Court (Cumberland County, *Cole, J.*) on the jury verdict finding him guilty of Class A robbery, 17–A M.R.S.A. § 651(1) (1983). Harrigan contends that the court erred by excluding from evidence certain out-of-court statements that tended to show that he lacked the crimi-

nal intent required to convict him of robbery. We agree, and vacate the conviction.

On November 12, 1993, Robert Baker left his home in Portland carrying a briefcase. Harrigan and Jeremiah Young approached Baker as he walked down the street. Holding a toy pistol, Harrigan told Baker to open the briefcase. A struggle ensued and Young ended up with the toy pistol. Young threatened Baker and Baker fled, leaving the briefcase behind. Harrigan and Young took the briefcase into a nearby alley where the police eventually arrested them. Harrigan was indicted and tried for robbery.

Harrigan's defense at trial was that he was attempting to perform a citizen's arrest of Baker, whom he suspected of trafficking in illegal drugs. Harrigan testified that he had seen Baker at an apartment where Harrigan had often smelled marijuana smoke. Harrigan's counsel asked him to relate the content of drug-related conversations that he had heard between Baker and the occupant of the apartment (John Doe). The court sustained a hearsay objection to the question. Harrigan further testified that he and Young telephoned Doe on the afternoon of the incident and arranged a phony purchase of one gram of marijuana. Harrigan was permitted to repeat only his statements on the telephone and not those of Doe. Allegedly suspecting that Baker would then make a delivery to Doe, Harrigan and Young set out to make a citizen's arrest of Baker using the toy pistol.

Harrigan also explained that he and Young fled the scene of their confrontation with Baker because they feared an attack by Baker's cohorts who had witnessed the incident. The court excluded as hearsay the content of threatening statements made by Baker's cohorts. The jury returned a verdict finding Harrigan guilty as charged, and the court entered a judgment of conviction on Class A robbery.[1]

To convict Harrigan of robbery the State first had to prove that he committed or attempted to commit theft. 17–A M.R.S.A. § 651(1). "A person is guilty of theft if he obtains or exercises unauthorized control over the property of another with intent to deprive him thereof." *Id.* § 353(1).[2] As charged in the indictment, the State also had to prove that at the time of the theft Harrigan used or threatened to use physical force against Baker with the intent to prevent or overcome resistance to the theft or to compel Baker to give up the briefcase. *Id.* § 651(1)(B)–(C).

"'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." M.R.Evid. 801(c). A statement offered to establish the factual basis for the defendant's state of mind at the time of the alleged criminal activity is not hearsay. *State v. Crocker*, 435 A.2d 1109, 1111 (Me. 1981). Similarly, a statement that causes a witness to do some act that becomes relevant

---

1. The entry of a judgment of conviction on Class A robbery was an error not raised on appeal. The indictment charged in pertinent part:

   JOHN HARRIGAN did commit theft by obtaining or exercising unauthorized control over the property of Robert Baker, namely, a briefcase and its contents, with the intent to deprive him thereof, by threatening to use force against Robert Baker *and/or* using physical force against Robert Baker, with the intent to prevent or overcome his resistance to the taking of the property, or to the retention of the property immediately after the taking, or with the intent to compel the person in control of the property, namely, Robert Baker, to give up the property.

   (Emphasis added.) Robbery by threatening to use physical force is a Class B crime and robbery by use of force is a Class A crime. 17–A M.R.S.A. § 651(2) (1983). Because the jury

found Harrigan guilty as charged, it is impossible to determine whether the jury found him guilty of Class A or Class B robbery.

2. 17–A M.R.S.A. § 352(3) (1983) provides as follows:

   3. "Intent to deprive" means to have the conscious object:
   A. To withhold property permanently or for so extended a period or to use under such circumstances that a substantial portion of its economic value, or the use and benefit thereof, would be lost; or
   B. To restore the property only upon payment of a reward or other compensation; or
   C. To use or dispose of the property under circumstances that make it unlikely that the owner will recover it or that manifest an indifference as to whether the owner will recover it.

to the case is not hearsay. *See State v. McEachern*, 431 A.2d 39, 43 (Me.1981).

■ The excluded statements pertaining to drug trafficking and those made by Baker's cohorts *after the incident were not hearsay* because they were not offered for the truth of the matter asserted. Rather, they were offered to show the effect they had on the listener, Harrigan. The statements attributed to Doe were offered to show why Harrigan suspected Baker of being a drug dealer and to raise a reasonable doubt whether Harrigan possessed the requisite criminal intent. The statements of Baker's cohorts allegedly heard by Harrigan after confronting Baker were offered to show that Harrigan fled for his safety, not to escape apprehension for a criminal act. The truth of these statements was not material.

■ Harrigan was entitled to have the jury hear and consider his explanation of why he confronted Baker, took the briefcase, and fled the scene of the confrontation. We conclude that the exclusion of statements that formed the bases for his purpose in confronting Baker and for his reason for fleeing the scene of the confrontation was not harmless error, and we accordingly vacate the judgment. *See State v. Hanscom*, 446 A.2d 415, 417 (Me.1982).

The entry is:

*Judgment vacated.*

Remanded for further proceedings consistent with the opinion herein.

All concurring.