DUDLEY H. LADD *vs.* SCUDDER KEMPER INVESTMENTS, INC.

Norfolk. October 2, 2000. - January 24, 2001.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, & SOSMAN, JJ.

*Contract,* Arbitration. *Arbitration,* Scope of arbitration. *Words,* "Person associated with a member," "Sole proprietor."

A corporate parent of a wholly owned subsidiary that was a member of the National Association of Securities Dealers (NASD) was not a "sole proprietor" or an "associated person of a member" as defined in the rules of the NASD that refer only to natural persons in the definition of those for whom arbitration of disputes is mandated; as a consequence, the corporate parent could not compel arbitration under NASD rules in an employment contract dispute with a former employee, a registered member of the NASD. [242-246]

CIVIL ACTION commenced in the Superior Court Department on June 12, 1998.

A motion to compel arbitration was heard by *Gordon L. Doerfer,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Jeremy Feigelson,* of New York (*Joshua M. Davis* with him) for the defendant.

*Daniel J. Gleason* for the plaintiff.

SOSMAN, J. The plaintiff, Dudley H. Ladd, filed the present action claiming that his former employer, Scudder Kemper Investments, Inc. (Scudder), failed to pay him the full value of his Scudder stock in accordance with the terms of his severance agreement. Scudder moved to stay the proceedings and compel arbitration of Ladd's claims. Scudder's motion was denied, whereupon Scudder took a proper interlocutory appeal pursuant to G. L. c. 251, § 18 (*a*) (1). We transferred the case to this court on our own motion. We affirm the order denying Scudder's motion to compel arbitration.

*Background.* Ladd was employed by Scudder beginning in

1968. In connection with his employment at Scudder, Ladd registered with the National Association of Securities Dealers (NASD). Scudder itself is not a member of the NASD. Ladd's registration was effected through Scudder Fund Distributors (SFD), a broker-dealer subsidiary of Scudder that holds membership in the NASD, and that serves, in part, as a vehicle for Scudder employees to register with the NASD.[1] In order to register with the NASD, Ladd was required to sign a uniform application for security industry registration or transfer (form U-4). On his form U-4, Ladd identified both Scudder and SFD as his employers. The form U-4 contained the following arbitration provision: "I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of [the NASD]."

In January, 1997, Scudder notified Ladd that it wished to terminate his employment on mutually agreeable terms. Over the years of his employment, Ladd had purchased a beneficial interest in Scudder stock, and, as of 1997, there were 61,231.94 shares held in an account for Ladd's benefit. One of the items the parties negotiated in Ladd's severance package was the terms on which Scudder would buy back Ladd's shares. At the time of those severance negotiations, the parties were aware that Scudder was also negotiating to sell a controlling interest in the firm to Zurich Insurance Company (Zurich). Accordingly, the price set for the repurchase of Ladd's stock included a "look back" provision in the event that Scudder stock was sold to a third party within twelve months following Ladd's termination.

After the parties completed their severance negotiations, Ladd's employment with Scudder was terminated effective June 30, 1997. On August 25, 1997, Ladd received payment for his Scudder shares, based on their July 1, 1997, net book value.

Meanwhile, on June 26, 1997, Scudder had entered into its agreement with Zurich whereby Zurich committed to purchase seventy per cent of the outstanding Scudder stock at a price of $240 per share. The purchase by Zurich closed on December 31, 1997. Scudder then made an additional payment to Ladd on

---

[1]Since 1991, the subsidiary performing this function has been Scudder Investor Services, Inc., the successor to Scudder Fund Distributors (SFD).

account of his shares, based on Scudder's interpretation of the "look back" provision in Ladd's severance agreement. Ladd disagreed with Scudder's interpretation, and contended that he was entitled to twice that amount.

On June 12, 1998, Ladd filed the present action against Scudder seeking to recover the full amount he claims he is owed as a result of the Zurich sale. Relying on the arbitration clause in Ladd's form U-4, as filed with his NASD registration, Scudder moved to stay the proceedings and to compel Ladd to submit the dispute to arbitration. The motion was denied, and the present appeal followed.

*Discussion.* The arbitration clause in Ladd's form U-4 mandates arbitration for all disputes "required to be arbitrated under the rules, constitutions, or by-laws of [the NASD]." NASD Rule 10201(a) provides:

> "Any dispute, claim, or controversy eligible for submission . . . between or among members and/or associated persons, and/or certain others, arising in connection with the business of such member(s) or in connection with the activities of such associated person(s), or arising out of the employment or termination of employment of such associated person(s) with such member, shall be arbitrated under this Code, at the instance of:
>
> "(1) a member against another member;
>
> "(2) a member against a person associated with a member or a person associated with a member against a member; and
>
> "(3) a person associated with a member against a person associated with a member."

Scudder contends that the dispute with Ladd arises out of the termination of his employment with SFD, a member of the NASD, and that both it and Ladd are "person[s] associated with a member" such that Scudder may insist on arbitration pursuant to NASD Rule 10201(a)(3). We conclude that Scudder is not "a person associated with a member" and that Scudder is therefore not a party that can compel arbitration under subsection (3).[2]

---

[2]Because of this conclusion, we need not decide whether a dispute over the price at which Scudder agreed to buy back Ladd's stock is a dispute "arising out of" the termination of Ladd's employment with SFD.

As of June, 1998, when Ladd's suit was filed,[3] art. I(ee) of the NASD bylaws defined a person associated with a member as:

"(1) a natural person registered under the Rules of the Association; or (2) a sole proprietor, partner, officer, director, or branch manager of a member, or a natural person occupying a similar status or performing similar functions, or a natural person engaged in the investment banking or securities business who is directly or indirectly controlling or controlled by a member, whether or not any such person is registered or exempt from registration with the NASD under these By-Laws or the Rules of the Association."

It is undisputed that Ladd himself comes within this definition, as he is "a natural person registered" with the NASD. Scudder contends that it is also a "person associated with a member" because it is the sole shareholder of SFD, a relationship that Scudder equates with "sole proprietor" of a member.

The term "sole proprietor" refers to a single individual who owns a business, not to a sole shareholder of a corporation or to the corporate parent of a wholly owned subsidiary. "A sole proprietorship is a business form in which an individual — rather than, for example, a partnership or corporation — owns the business." *In re San Juan Dupont Plaza Hotel Fire Litig.*, 45 F.3d 569, 573 (1st Cir. 1995). Black's Law Dictionary defines "sole proprietorship" as "[a] form of business in which one person owns all the assets of the business in contrast to a partnership, trust or corporation," with the further explanation that "[t]he sole proprietor is solely liable for all debts of the business." Black's Law Dictionary 1392 (6th ed. 1990). See Barron's Law Dictionary 478 (4th ed. 1996) ("sole proprietorship" defined as "a business or financial venture carried on by a single person and which is not a trust or corporation"); Mellinkoff's Dictionary of American Legal Usage 606 (1992) ("sole proprietorship" defined as "a business owned by an individual, as distinguished from ownership by a corporation, a partnership, or any form of group ownership"). A corporation, by definition,

---

[3] A registrant must comply with the NASD arbitration rules in effect at the time of suit. See *Paul Revere Variable Annuity Ins. Co.* v. *Kirschhofer*, 226 F.3d 15, 19 (1st Cir. 2000); *Gardner* v. *Benefits Communications Corp.*, 175 F.3d 155, 158 (D.C. Cir. 1999); *Seus* v. *John Nuveen & Co.*, 146 F.3d 175, 187 (3d Cir. 1998), cert. denied, 525 U.S. 1139 (1999).

is not a form of "sole proprietorship." If the NASD had meant to include sole shareholders or corporate parents of wholly owned subsidiaries within the definition of "person associated with a member," it presumably would have chosen accurate corporate terminology to describe those corporate relationships that would qualify. It would not have resorted to a term that, in its dictionary definition and ordinary legal usage, expressly excludes the corporate form.

With the sole exception of "partner," which could refer either to an individual or to a corporate partner, the types of persons identified in the definition of "person associated with a member" — "sole proprietor," "officer," "director," "branch manager" — are all natural persons. The list then includes any "natural person occupying a similar status or performing similar functions" and finally concludes with any "natural person engaged in the investment banking or securities business who is directly or indirectly controlling or controlled by a member." Thus, a common thread running through virtually the entire definition is a reference (either express or implied) to natural persons. "That several items in a list share an attribute counsels in favor of interpreting the other items as possessing that attribute as well." *Beecham* v. *United States*, 511 U.S. 368, 371 (1994). Reading this definition as a whole, many courts have concluded that the NASD definition of "person associated with a member" is limited to natural persons. See *Paul Revere Variable Annuity Ins. Co.* v. *Kirschhofer*, 226 F.3d 15, 20-21 (1st Cir. 2000); *Gardner* v. *Benefits Communications Corp.*, 175 F.3d 155, 162 (D.C. Cir. 1999); *Tays* v. *Covenant Life Ins. Co.*, 964 F.2d 501, 503 (5th Cir. 1992) (per curiam); *Cantor Fitzgerald, L.P.* v. *Prebon Sec. (USA) Inc.*, 731 A.2d 823, 828 (Del. Ch. 1999). See also *Burns* v. *New York Life Ins. Co.*, 202 F.3d 616, 620 (2d Cir. 2000) (definition of "person associated with a member" excludes corporate entities).

Scudder relies on *McMahan Sec. Co. L.P.* v. *Forum Capital Mkts. L.P.*, 35 F.3d 82, 87 (2d Cir. 1994), in which the court concluded that a corporate partner could qualify as an "associated person of a member." The *McMahan* case is contrary to the growing weight of authority on this issue and is, in any event, readily distinguishable. To begin with, the *McMahan* court dealt with a corporation that was a partner of a member, and, unlike the term "sole proprietor" that is at issue here, the term "partner" can, in its ordinary usage, refer to either a

natural person or a corporate partner. Thus, when the court rejected an interpretation that would limit the definition to natural persons, it did so "where the entity in question is a partner of a member." *Id.*

Moreover, the *McMahan* analysis relied heavily on a version of the NASD bylaws that has since been modified. At that time, the definition of "associated person of a member" began with the term *"every* sole proprietor, partner, officer, director or branch manager of any member" (emphasis added). NASD Bylaws, art. I, par. 1101(m) (April, 1992). *McMahan Sec. Co. L.P.* v. *Forum Capital Mkts. L.P., supra.* at 86. Where the definition included "every" partner, and where a partner could take a corporate form, the court concluded that a corporate partner would be included within the plain language of that definition, notwithstanding the fact that every other reference in the definition could only refer to natural persons. *Id.* at 87. However, by way of a recent amendment, the definition has now deleted the word "every" and begins with *"a* sole proprietor, partner, officer" (emphasis added). 62 Fed. Reg. 62,385, 62,388-62,389 (1997). The *McMahan* analysis also relied on the failure to include the word "other" when the definition shifted to an express reference to natural persons: "If the term 'partner' was confined to natural persons, the subsequent phrase 'or any natural person occupying a similar status' would be redundant. Moreover, if the NASD intended that 'partners' be so confined, it could have easily used the phrase 'any other natural person' to make its meaning clear." *McMahan Sec. Co. L.P.* v. *Forum Capital Mkts. L.P., supra.* An amendment making that precise change went into effect on December 1, 1999, so that the definition now reads "a sole proprietor, partner, officer, director, or branch manager of a member, or *other* natural person occupying a similar status or performing similar functions" (emphasis added). 64 Fed. Reg. 57,678 (1999). In describing this change in the definition, the NASD explained that the insertion of the word "other" was "to clarify that the subsection describes only natural persons." *Id.*[4]

Scudder relies, in the alternative, on that portion of NASD

---

[4]Although this particular amendment postdates the filing of Ladd's complaint, it does serve to clarify whatever ambiguity existed in the earlier version of the definition. Where numerous courts had limited even the earlier version to natural persons, a subsequent NASD clarification that makes the limitation explicit gives us a further reason for following the majority view.

Rule 10201(a) that provides for arbitration of disputes "between or among members and/or associated persons, and/or certain others." Scudder contends that it qualifies as a "certain other" such that arbitration of this dispute is still mandatory. Although the rule contemplates that "certain others" may be parties to an arbitration, it limits the persons who have the power to compel arbitration to a "member" or a "person associated with a member." There is no reference to "certain others" on the list of persons who may insist on arbitration, nor is the term "certain others" even defined in the rule. The reference to "certain others" as potential parties was intended to allow for joinder in the arbitration if there were nonmembers involved in a dispute between members and persons associated with members.[5] *Burns v. New York Life Ins. Co., supra* at 621-622. *Cantor Fitzgerald, L.P. v. Prebon Sec. (USA) Inc., supra* at 826-827. It does not give those "certain others" the ability to compel arbitration.

Scudder finally invokes both Federal and Massachusetts policy that favors arbitration. See *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-583 (1960) (arbitration should be ordered "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute"); *Local Union No. 1710, Int'l Ass'n of Fire Fighters v. Chicopee*, 430 Mass. 417, 420-421 (1999). Our recognition of the benefits of arbitration do not allow us to compel Ladd to arbitrate in the absence of any binding arbitration clause that would cover his dispute with Scudder. "[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Local Union No. 1710, Int'l Ass'n of Fire Fighters v. Chicopee, supra,* quoting *AT&T Techs., Inc. v. Communications Workers*, 475 U.S. 643, 648 (1986).

*Order denying motion to compel*
*arbitration affirmed.*

---

[5]Thus, for example, if Ladd had included SFD as a party to the action, SFD (a member of the NASD) could have compelled arbitration under rule 10201(a) and Scudder could arguably have joined in that arbitration as a "certain other." However, Ladd has not made any claims against SFD. We do not need to decide whether Scudder would qualify as a "certain other" who could join in an arbitration when there is no party to the action who can compel Ladd to arbitrate.