Fabricant, J.
INTRODUCTION
This action arises from a dispute between a former police officer for the City of Cambridge and the City regarding benefits for an injury the plaintiff suffered while en route to work. Before the Court is the City’s motion for summary judgment based, among other grounds, on the contention that the plaintiffs sole remedy is the grievance procedure provided in the collective bargaining agreement between the City and the police union. For the reasons that will be explained, the motion will be allowed.
BACKGROUND
The record before the Court provides the following factual and procedural background.[1] As of April 22, 1995, the plaintiff, Ronald Halliday, was a police officer for the City of Cambridge, and a member of a bargaining unit represented by the Cambridge Police Patrol Officers Association (“the union”). The City and the union have been parties to a series of collective *605 bargaining agreements. The version in effect at that time includes the following as Article XVI, §1:
An employee incapacitated for duty because of sickness, injury or disability sustained in the performance of his duty without fault on his part, . . . shall be granted injured leave without loss of pay or other compensation for the period of such incapacity, and this pursuant to M.G.L.c. 41, Section 11 IF, as modified hereunder and subject to the provisions of this Article.
Article XVI, §4, of the agreement, as then in effect, provides:
An employee assigned to limited duty under provisions of this Article arising from an incapacity pursuant to M.G.L.c. 41, §11 IF shall be entitled to indemnification for all reasonable medical bills, etc. as provided by law. The provisions of this Article shall not constitute a waiver of said rights.
Article XVIII of the collective bargaining agreement, as in effect at that time, establishes a four-part grievance procedure, culminating in arbitration. Section one of Article XVIII defines the scope of the grievance procedure as follows:
The term “grievance” shall include any dispute concerning (a) any of the provisions of this Agreement, of (b) any law, ordinance, rule, regulation, policy or practice relating to the Police Department and its operation as any of such may touch upon personnel relations, or (c) any decision or order of either the City Manager or the Department Head as any such may affect police personnel or conditions of work and employment.
On April 22, 1995, the plaintiff was at home on vacation. He received a call from the Cambridge Police Department requesting that he come in and work overtime. He agreed to do so, and left his Boston home in his personal vehicle. While en route he was involved in a motor vehicle collision, resulting in injury. The plaintiff continued to work until September 5, 1995, when he ceased working due to the injury incurred in the collision of April 22, 1995. The City placed him on paid sick leave.
On or about November 1, 1995, the plaintiff submitted to the City a report claiming that he was in the line of duly at the time of the collision, so that he was entitled to benefits for his injury pursuant to G.L.c: 41, §11 IF. The Police Commissioner responded, by letter dated November 7, 1995, indicating that the plaintiff was not on duty at the time of the collision. The plaintiff did not file a grievance under the collective bargaining agreement in reference to that decision. The plaintiff has not at any time made any application to the City for indemnification for medical expenses incurred in the collision under G.L.c. 41, §100, and has never grieved any decision of the City with respect to any such application.
The plaintiff remained on paid sick leave until July 14, 1997,[2] when the City removed him from its payroll on the ground that he had abandoned his position by failing to comply with reporting requirements. The plaintiff appealed that decision to the Commonwealth’s Human Resources Division, which issued a decision upholding the City’s action on December 5, 2002.[3]
The plaintiff filed this action on May 17, 2001. The complaint sets forth two counts. Count I claims entitlement to pay under G.L.c. 41, §111F, from July 14, 1997 forward. Count II claims entitlement to payment for medical bills.[4] The City has moved for summary judgment on both counts, arguing, among other contentions, that the claims are subject to the grievance procedure set forth in the collective bargaining agreement. The Court agrees.
DISCUSSION
Summary judgment should be granted where it appears from the pleadings and evidentiary materials offered that there are no genuine issues of material fact, and that only an issue of law is presented. See Somerset Sav. Bank v. Chicago Title Ins. Co., 420 Mass. 422, 426 (1995); Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553-54 (1976). Here, although the parties disagree on significant mattersparticularly whether the plaintiff was in the line of duty at the time of the collisionthe record presents no factual issue that bears on the question of whether the dispute is subject to the grievance procedure. That question is one of law, properly resolved on summary judgment.
Both Massachusetts and federal law recognize a strong public policy in favor of arbitration of disputes. See Drywall Sys., Inc. v. ZVI Constr. Co., 435 Mass. 664, 669 (2002); Ladd v. Scudder Kemper Inv., Inc., 433 Mass. 240, 246 (2001); Home Gas Corp. of Mass., Inc. v. Walter’s of Hadley, Inc., 403 Mass. 772, 774 (1989). For that reason, where a contract contains an arbitration clause, “there is a presumption of arbitrability in the sense that an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage . . . Such a presumption is particularly applicable where the clause is . . . broad.” Local No. 1710, International Association of Fire Fighters, AFL-CIO v. City of Chicopee, 430 Mass. 417, 421 (1999); see City of Lawrence v. Lawrence Patrolmen’s Association, 56 Mass.App.Ct. 704, 707 (2002) (affirming confirmation of arbitration award regarding benefits under G.L.c. 41, §§100, 111F).
In the context of public employment, certain rights of employees arise not merely from collective bargaining agreements or other contracts, but from statutes, such as G.L.c. 41, §§100 and 111F. With respect to such rights, the question arises whether the parties may, by contract, confine enforcement to a contractual grievance procedure, precluding resort to the courts. As to G.L.c. *606 41, §11 IF, the legislature has answered that question by means of G.L.c. 150E, §7(d). That provision designates certain statutory provisions regarding public employee benefits, including G.L.c. 41, §111F, as subordinate to collective bargaining agreements in case of conflict. See City of Lawrence v. Lawrence Patrolmen’s Association, 56 Mass.App.Ct. at 708. General Laws c. 41, §100 is not explicitly listed in G.L.c. 150E, §7(d). On the facts presented here, however, the issue of eligibility for benefits under both statutes turns on the very same factual issue: whether the injury is work related. Under these circumstances, the explicit statutory authority to subject that issue to arbitration as it arises under §111F implicitly extends to §100. See City of Lawrence v. Lawrence Patrolmen’s Association, 56 Mass.App.Ct. at 708. Beyond the provisions of c. 150E, §7(d), the Supreme Judicial Court has held that parties to a collective bargaining agreement may agree to submit to contractual grievance procedures disputes over statutory financial benefits, where such benefits are incorporated into the agreement, but not disputes over “a personal, substantive, nonwaivable statutory guarantee.” Rooney v. Town of Yarmouth, 410 Mass. 485, 492 (1991) (dispute over eligibility for Quinn bill benefits held subject to grievance provision of collective bargaining agreement).
Here, the grievance provision of the collective bargaining agreement, quoted supra, is by its terms extremely broad, encompassing any dispute concerning “any law, ordinance, rule, regulation, policy or practice relating to the Police Department and its operation as any of such may touch upon personnel relations,” as well as “any decision or order of either the City Manager or the Department Head as any such may affect police personnel or conditions of work and employment.” There can be no doubt that c. 41, §§ 100 and 111F, both touch upon personnel relations, and that the Commissioner’s determination that the plaintiff was not in the line of duty at the time of his injury affected police personnel and conditions of employment. Moreover, the collective bargaining agreement expressly incorporates c. 41, §111F, and effectively incorporates §100, in article XVIII. The dispute presented in both counts of the complaint thus fall squarely within the scope of the grievance provision. The parties were free to adopt such a broad provision, encompassing these statutory claims, because the nature of the rights at issue is financial, rather than “personal, substantive, [and] nonwaivable.” Rooney v. Town of Yarmouth, 410 Mass, at 492. The grievance provision therefore provided the plaintiffs exclusive remedy, and this action must be dismissed. See id. at 494.
The City contends that the plaintiffs claims are forever foreclosed by his failure to file a timely grievance; it invokes a thirty-day time limit for grievances that has been set forth in the collective bargaining agreement since 1997. The plaintiff responds by pointing out that no time limit existed in the agreement in 1995, when the Commissioner determined that the plaintiffs injury was not in the line of duty. He suggests that the Court should “remand” the dispute for arbitration. The Court has no mechanism and no authority to do so outside the context of judicial review of an arbitration award pursuant to G.L.c. 150C, §11. Nor is any issue properly before the Court as to the timeliness of a grievance that has not yet been filed. Should the plaintiff now file a grievance, the City will have the opportunity to respond to it according to the agreement. The issue of timeliness may be raised and addressed in that context, subject ultimately to judicial review in the manner and under the standards provided by G.L.c. 150C.
CONCLUSION AND ORDER
For the reasons stated, the Defendant’s Motion for Summary Judgment is ALLOWED.

The defendant has submitted a statement of undisputed material facts, supported by references to evidentiary materials provided, as required by Superior Court Rule 9A(b)(5). The plaintiffs response purports to dispute many of the facts asserted therein, but fails to provide references to any evidentiary materials. The effect of such a response under the rule is that the facts set forth in the moving party’s statement are deemed admitted. The Court has also considered the facts set forth in the plaintiffs statement of additional facts, pursuant to Rule 9A(b)(5), supported by the plaintiffs affidavit and answers to interrogatories.

In September of 1996, the City ordered the plaintiff to return to work on a limited-duly basis. The plaintiff filed a grievance, which resulted in an arbitration award in his favor.

The plaintiff has moved to amend his complaint in this action to add a count challenging that decision. The Court has denied that motion, for reasons stated in an endorsement thereon.

The complaint makes reference in count II to G.L.c. 41, §111G; apparently the statute to which the plaintiff intended to refer was G.L.c. 41, §100.