*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

No. 22-TX-0610

AUDREY WONG, APPELLANT,

v.

DISTRICT OF COLUMBIA, APPELLEE.

Appeal from the Superior Court of the
District of Columbia
(2021-CVT-000002)

(Hon. Carmen G. McLean, Trial Judge)

(Argued February 21, 2024                    Decided May 16, 2024)

*Frederic W. Schwartz, Jr.* for appellant.

*Sean Frazzette*, Assistant Attorney General, with whom *Brian Schwalb*, Attorney General for the District of Columbia, *Caroline Van Zile*, Solicitor General, *Ashwin P. Phatak*, Principal Deputy Solicitor General, and *Graham E. Phillips*, Deputy Solicitor General, were on the brief, for appellee.

Before BECKWITH and HOWARD, *Associate Judges*, and FISHER, *Senior Judge*.

HOWARD, *Associate Judge*: This case concerns the rent-or-sale exemption from the District of Columbia's higher tax rate on vacant buildings. Under that exemption, a building shall not be taxed at the vacant building tax rate if an owner or the owner's agent has been making good-faith efforts to rent or sell the building.

*See* D.C. Code § 42-3131.06(b)(4). However, that exemption is only available for commercial buildings for two years from the "initial listing, offer, or advertisement of sale." *See id.* § 42-3131.06(b)(4)(A)(ii). In this case, the trial court found that appellant Audrey Wong's property did not qualify for a rent-or-sale exemption because her building had been listed for sale in 2013—nearly five years before she attempted to claim the exemption in 2018—and granted summary judgment to the District of Columbia. For the same reason, we affirm the decision of the trial court.

We decline to address the economic hardship exemption, which Ms. Wong appears to claim for the first time on appeal, and, since we affirm the decision of the trial court on the merits, the exhaustion of her administrative remedies subsequent to Tax Year 2019 is moot.

## I. Background

We provide background on the vacant buildings statute and its relevant exemptions, followed by factual background and procedural history.

### A. Statutory Framework

Vacant buildings in the District of Columbia are subject to a higher tax rate, unless an owner successfully challenges the vacancy determination or a tax exemption applies.

When a building becomes vacant, or not continuously occupied, an owner has thirty days[1] to register the building with the Department of Buildings ("DOB"). D.C. Code § 42-3131.06(a); *see also id.* § 42-3131.05(5). An owner must then pay a $250 registration fee and maintain the building under statutory standards. *Id.* §§ 42-3131.09, 42-3131.12.

In addition to registering vacant buildings, DOB also identifies buildings to designate as vacant. *Id.* § 42-3131.11(a). If DOB has designated a building as vacant, the agency must notify the owner of the vacant-property designation and the owner's right to appeal. *Id.* §§ 42-3131.05a(a), 42-3131.11(a). That designation remains in effect until the owner "submits information to the Mayor sufficient to warrant a change to that classification." *Id.* § 42-3131.06(a-1)(2).

An owner who challenges a vacant-building designation for tax classification purposes must first exhaust available administrative remedies. *See id.* § 42-3131.15(a). To begin, an owner may ask DOB to reconsider within fifteen days

---

[1] The Mayor has "sole discretion" to "extend the [registration] time for good cause." D.C. Code § 42-3131.06(a). Counsel for Ms. Wong asserts that the Committee Report for a 2008 amendment to the exemption directs that the "Mayoral exemption is not subject to a time limit." *See* Nuisance Properties Abatement Reform and Real Property Classification Amendment Act of 2007, D.C. Council, Report on Bill 17-086 at 3 (July 13, 2007). But this argument conflates the extension provision above with the time-limited rent-or-sale exemption discussed below.

of a designation; DOB then has thirty days to issue a notice of final determination. *Id.* § 42-3131.15(a). Within forty-five days of DOB issuing a notice of final determination, an owner may appeal to the Real Property Tax Appeals Commission ("RPTAC"), which has 120 days to issue a decision. *Id.* §§ 42-3131.15(b), 47-825.01a(e)(1)(B)(i). An owner may appeal a decision of the RPTAC to the Superior Court. *Id.* § 47-825.01a(g)(2).

Twice a year, DOB transmits to the Office of Tax and Revenue ("OTR") a list of buildings registered and designated as vacant. *Id.* § 42-3131.16(a)(1). OTR classifies a property with one or more vacant buildings as Class 3 vacant real property, which has a higher tax rate than properties with occupied buildings.[2] *Id.* § 47-813(c-8)(4)(A). DOB may not, however, include a vacant building on the list of buildings transmitted to OTR if an exemption applies. *See id.* § 42-3131.06(b).

Two exemptions relate to this appeal: the rent-or-sale exemption and the hardship exemption. First, under the rent-or-sale exemption, a building shall not be

---

[2] A list of current tax rates is available at *Real Property Tax Rates*, D.C. Ofc. of Tax & Revenue, https://otr.cfo.dc.gov/node/389122; https://perma.cc/4LM9-RR2N (last visited Apr. 9, 2024).

included on the list if the owner or agent "has been actively seeking in good faith to rent or sell it." *Id.* § 42-3131.06(b)(4). But the time "for sale or rent shall not exceed . . . (ii) [t]wo years from the initial listing, offer, or advertisement of sale in the case of commercial buildings[.]"[3] *Id.* § 42-3131.06(b)(4)(A)(ii). Second, a vacant building is excluded from the list if it is "[e]xempted by the Mayor in extraordinary circumstances and upon a showing of substantial undue economic hardship." *Id.* § 42-3131.06(b)(5)(A).

## B. Factual Background[4]

On July 10, 2013, Ms. Wong entered into a contract to sell a commercial property at Square 0453, Lot 0848 (617 H Street NW).[5] The sales agreement allowed Ms. Wong to continue leasing to a restaurant on the property until the buyer

---

[3] Because this case concerns a commercial building, we do not discuss how the rent-or-sale exemption applies to non-commercial buildings.

[4] These undisputed facts come from the trial court's citations to the District of Columbia's Statement of Material Facts Not in Dispute, which listed facts from Ms. Wong's petition.

[5] The parties dispute whether the sales agreement is properly part of the record because the agreement was never filed in Superior Court. Nevertheless, the date of the agreement is undisputed.

provided Ms. Wong with a notice to vacate. The buyer later notified Ms. Wong that the restaurant had to vacate the property by July 1, 2018. On that date, the property became vacant and remained vacant through Tax Year 2019. Since the sales transaction had not closed by that date, however, Ms. Wong was still the owner of the property and responsible for paying property taxes. The Department of Consumer and Regulatory Affairs ("DCRA"), the predecessor agency to DOB,[6] then designated the property as a Class 3 Property (vacant) for Tax Year 2019. This meant that Ms. Wong would be subject to a higher tax rate for the property.

Claiming the rent-or-sale exemption, Ms. Wong appealed that determination to DCRA, which denied her appeal. Ms. Wong then appealed to the RPTAC. The RPTAC held a hearing in September 2020. In December 2020, the RPTAC affirmed DCRA's decision because the "plain meaning" of the statute providing the rent-or-sale exemption limited the term of the exemption. Ms. Wong appealed RPTAC's decision to the Superior Court.

---

[6] In 2022, DCRA split into the Department of Licensing and Consumer Protection and the DOB, which replaced DCRA for enforcing vacant-property laws. *See* Department of Buildings Establishment Act of 2020, D.C. Law 23-269, 68 D.C. Reg. 4174 (Apr. 5, 2021); *see also The District's Newest Agencies*, https://dcratransition.dc.gov; https://perma.cc/53VD-XTJA (last visited Feb. 29, 2024). We refer to DCRA below since it was the relevant agency for all events leading to this appeal.

## C.     Procedural History

The District filed a motion for summary judgment.  In its motion, the District argued that the property had correctly been classified as a Class 3 vacant property and did not qualify for the rent-or-sale exemption.  But Ms. Wong argued that the trial court should look beyond the plain language of the statute, asserting that the language would produce an absurd result—because it would have been "impossible for Ms. Wong's property to qualify for the pending sales exemption since during the period it could have qualified for the vacancy it was not vacant and therefore compliance was not only unreasonable but also impossible."

The trial court concluded that the two-year limit on the exemption started to run at the time the property was offered for sale, which was at some point prior to July 10, 2013, the undisputed date of the sales agreement for the property.  As a result, the trial court determined the exemption was not available for Tax Year 2019 because the two-year limit had expired.  Additionally, the trial court explained the result was not absurd just because the exemption did not apply to Ms. Wong, stating: "The exemptions are not designed for all property owners to qualify, but for property owners to benefit from a specific exception to the extent that the exemption applies to them."  Consequently, the trial court granted the District's motion.

This appeal followed.

## II. Standard of Review

"Decisions of the tax division of D.C. Superior Court are considered under the same standard of review as appeals from the court's other civil divisions." *Aziken v. District of Columbia*, 194 A.3d 31, 34 (D.C. 2018) (citing *Hosp. Temps Corp. v. District of Columbia*, 926 A.2d 131, 134 (D.C. 2007); *Square 345 Ltd. P'ship v. District of Columbia*, 927 A.2d 1020, 1023-24 (D.C. 2007)); *see also* D.C. Code § 47-3304(a) (stating that Tax Division cases are "reviewable in the same manner as other decisions of the court in civil cases tried without a jury"). "We review a grant of summary judgment de novo, applying the same standard as the trial court." *Kolowski v. District of Columbia*, 244 A.3d 1008, 1012 (D.C. 2020) (quoting *Johnson v. Washington Gas Light Co.*, 109 A.3d 1118, 1120 (D.C. 2015)). To prevail, the moving party "must demonstrate that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law." *Id.* at 1012-13 (quoting *Grant v. May Dep't Stores Co.*, 786 A.2d 580, 583 (D.C. 2001)). We may affirm "only if there is no genuine issue of material fact when viewing the record in the light most favorable to the non-moving party." *DuBose v. District of Columbia*, 301 A.3d 726, 729 (D.C. 2023) (citing *Fraternal Ord. of Police, Metro. Lab. Comm. v. District of Columbia*, 82 A.3d 803, 813 (D.C. 2014)).

De novo review applies to issues of statutory construction as well. *MEPT St. Matthews, LLC v. District of Columbia*, 297 A.3d 1094, 1097 (D.C. 2023) (quoting *Bartholomew v. D.C. Off. of Tax & Revenue*, 78 A.3d 309, 316 (D.C. 2013)). "In interpreting tax statutes, we apply conventional principles of statutory construction." *Id.* (quoting *1137 19th St. Assocs., Ltd. P'ship v. District of Columbia*, 769 A.2d 155, 161 (D.C. 2001)).

## III.    Discussion

We conclude that the trial court appropriately found no dispute of material fact. We affirm the decision of the trial court because the plain text of the rent-or-sale exemption limits the exemption to a two-year period, which we agree began to run at some point prior to the 2013 sale of the property and ended before the property became vacant in 2018. We decline to address the economic hardship exemption, which Ms. Wong did not raise before the trial court, or exhaustion, which is moot due to our holding on the rent-or-sale exemption.

### A.    Rent-or-Sale Exemption

The trial court correctly concluded that Ms. Wong was ineligible for the rent-or-sale exemption. The plain text of the exemption for commercial buildings runs

for two years from the date of the "initial listing, offer, or advertisement of sale"—a date that occurred at least five years before the property here became vacant in 2018.

To interpret a statute, this court will "first look to see whether the statutory language at issue is 'plain and admits of no more than one meaning.'" *Facebook, Inc. v. Wint*, 199 A.3d 625, 628 (D.C. 2019) (quoting *Peoples Drug Stores, Inc. v. District of Columbia*, 470 A.2d 751, 753 (D.C. 1983) (en banc)); *see also Yazam, Inc. v. D.C. Dep't of For-Hire Vehicles*, 310 A.3d 616, 623 (D.C. 2024) (same). But "we do not read statutory words in isolation." *Yazam, Inc.*, 310 A.3d at 623. "We consider not only the bare meaning of the word but also its placement and purpose in the statutory scheme." *Id.* (quoting *In re Macklin*, 286 A.3d 547, 553 (D.C. 2022)). "[W]hen the language is unambiguous and does not produce an absurd result," this court will "give effect to the plain meaning." *Id.* (quoting *In re Macklin*, 286 A.3d at 553).

We address the plain text, which we find controls here, before turning to Ms. Wong's argument that the District's position produces an absurd result.

### 1. Plain text

The language of the two-year rent-or-sale exemption plainly supports the decision of the trial court. An owner may receive an exemption from the vacant

property tax if the owner or agent "has been actively seeking in good faith to rent or sell" their building for a time period that "shall not exceed . . . [t]wo years from the initial listing, offer, or advertisement of sale in the case of commercial buildings[.]" D.C. Code § 42-3131.06(b)(4)(A)(ii). Because Ms. Wong signed the sale agreement on July 10, 2013, the "initial listing, offer, or advertisement of sale" must have taken place before the sale agreement was executed. This means that the two-year period would have ended no later than July 10, 2015.

This court will look beyond the plain text of a statute to resolve a specific ambiguity in the text. *See, e.g.*, *Yazam*, 310 A.3d at 623-25 (analyzing whether company was a "private vehicle-for-hire company" that drivers could "contract with"); *Booz Allen Hamilton Inc. v. D.C. Office of Tax & Revenue*, 308 A.3d 1205, 1210-12 (D.C. 2024) (discussing whether company was a "business entity located in" the area around Nationals Park). But Ms. Wong has not pointed to any specific ambiguity in the language of the rent-or-sale exemption. We therefore hold that the trial court correctly concluded that Ms. Wong's claim for the rent-or-sale exemption for Tax Year 2019 is foreclosed by the plain language of the exemption.

### 2. Absurd Results

Ms. Wong nevertheless argues that this court should look to additional sources beyond the language of the statute because declining to run the two-year period for

the exemption from the date of vacancy creates either an absurd result or an "obvious injustice." As support, she asserts that this court rejected the District's interpretation of a statute on similar grounds in *D.C. Off. of Tax & Revenue v. BAE Sys. Enter. Sys.*, 56 A.3d 477 (D.C. 2012) ("*BAE*").

The two cases are not comparable: in *BAE*, unlike here, we concluded that OTR's interpretation of the statute was "not reasonable in light of the exemption's language, structure, and history." *See id.* at 485. In *BAE*, this court upheld an Office of Administrative Hearings decision that a technology corporation qualified for a corporate franchise tax exemption because it had maintained a statutorily required "office . . . or base of operations in the District of Columbia." *Id.* at 479. We rejected OTR's view that the statutory requirement meant a company had to have "predominant dominion, control, or autonomy over an office or base of operations" and instead only required that a company "d[o] business through a substantial number of employees working at a fixed location in a high-technology zone." *Id.* at 483. Since a company would be entitled to the full franchise tax exemption for five years after commencing business in a "high technology zone," we concluded that it "would be strange, to say the least, if the time within which a company could claim the exemption started to run before the company was even eligible for the exemption." *Id.*

But this quotation from *BAE* cannot fairly be severed from its context. In that case, OTR introduced a requirement not present in the statute nor reasonable in light of the statute's structure (due to the neighboring five-year eligibility provision), language (which was more conclusive, given general references to "locate" that could not lead to "each of the tax incentives at issue would require such location"), or purpose (which was somewhat inconclusive given an emphasis on job creation by making the exemption available to high-tech companies, but also on getting companies to locate themselves in DC). *Id.* at 483-84.

Here, Ms. Wong suggests a reading we conclude is not supported by the rent-or-sale exemption's structure, language, or purpose. In terms of structure and language, the neighboring language here starts the exemption clock uniformly from the date of an "initial listing, offer, or advertisement"—not from the date of vacancy. *See* D.C. Code § 42-3131.06(b)(4)(A)(i) (one-year exemption for residential buildings); *id.* § 42-3131.06(b)(4)(A)(iii) (one-year exemption for rentals). The statutory language addressed in *BAE* had an expansive purpose, creating a benefit (job creation via tax exemptions). But the rent-or-sale exemption has a limited purpose, exempting properties being rented or sold from a punitive measure aiming to reduce vacant properties. Taken together, the application of the rent-or-sale exemption suggests that Ms. Wong's situation, while undoubtedly frustrating to her, is not so absurd as to invoke cases where this court has declined

to apply the plain meaning of a statute on absurdity or "obvious injustice" grounds.[7] *See, e.g.*, *In re Bright Ideas Co., Inc.*, 284 A.3d 1037, 1050 (D.C. 2022) (finding "obvious injustice" in allowing default speed limit to apply when posted speed limits were illegible); *Lee v. United States*, 276 A.3d 12, 17 (D.C. 2022) (finding that a sentencing statute would create "obvious injustice" if sentencing court could not apply an enhanced sentence for aggravating circumstances after the maximum sentence was calculated).

We acknowledge that the Council likely did not contemplate the unusual situation Ms. Wong faces—that is, a contract that required her to terminate a renter's lease without being able to bring in a new tenant, resulting in her owning a vacant property. It stands to reason, however, that this type of indefinite vacancy is a type of scenario the statute is designed to avoid. We agree with the trial court that the vacant building property tax exemptions are "not designed for all property owners to qualify, but for property owners to benefit from a specific exemption. The

---

[7] In a supplemental filing, Ms. Wong pointed to *Yazam, Inc. v. District of Columbia Department of For-Hire Vehicles* as an example of this court going beyond the plain text of a statute. We did so, however, after concluding that the plain meaning of the statute did not support the position of either party. 310 A.3d at 623. Here, since we have concluded that the plain language supports the District's reading of the statute and that this reading does not create an absurdity, we need not go beyond the plain text of the statute.

statute's inapplicability to Ms. Wong on the undisputed facts does not make the interpretation of the statute unreasonable."

## B.     Economic Hardship Exemption

To the extent Ms. Wong now argues that she should be exempt under a "showing of substantial undue economic hardship," *see* D.C. Code § 42-3131.06(b)(5), we decline to consider that claim. The record does not reflect that Ms. Wong raised this exemption in front of DCRA, RPTAC, or the trial court. Ms. Wong argues that her eligibility for this exemption did not need to be raised before DCRA or RPTAC, that no time limit applies for this exemption, and that this exemption "would likely only exist if the sale/rent exemption was denied." But DOB (formerly DCRA) reviews and grants such applications; any attempt to claim an exemption would require factfinding by the relevant agency. *See* D.C. Code § 42-3131.06(b)(5) (excluding a building from the vacant properties list and registration fee if "[e]xempted by the Mayor" and upon an economic hardship showing); *Vacant Building FAQs*, D.C. Dep't of Buildings, https://dob.dc.gov/page/vacant-building-faqs; https://perma.cc/53VD-XTJA (last visited Apr. 8, 2024) (listing economic hardship "factors that DOB may consider"). In any event, we decline to consider her eligibility for this exemption in the first instance as part of this appeal. *See Nwaneri v. Quinn Emanuel Urquhart & Sullivan,*

*LLP*, 250 A.3d 1079 (D.C. 2021) (citing *Hollins v. Fed. Nat. Mortg. Ass'n*, 760 A.2d 563, 574 (D.C. 2000) ("[W]e ordinarily do not consider issues raised for the first time on appeal . . . . ")).

## C.    Exhaustion

We decline to address whether the trial court correctly concluded that it lacked jurisdiction over claims for years following Tax Year 2019; our holding on the rent-or-sale exemption moots Ms. Wong's exhaustion claim.  Nothing in this appeal forecloses Ms. Wong's ability to apply for an economic hardship exemption for future tax years, but Ms. Wong would need to exhaust her administrative remedies for those years.

## IV.    Conclusion

For the foregoing reasons, the judgment of the Superior Court is affirmed.

*So ordered.*