2003 ME 88

**Kathleen M. SPLUDE**

v.

**James E. DUGAN.**

Supreme Judicial Court of Maine.

Submitted on briefs: Jan. 30, 2003.

Decided: July 16, 2003.

ed).

Jeffrey W, Jones, Jones & Warren, P.A., Scarborough, for plaintiff.

Anthony K. Ferguson, Fales & Fales, P.A., Lewiston, for defendant.

Panel: CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

CLIFFORD, J.

[¶ 1] James E. Dugan appeals from a judgment entered in the Superior Court (Androscoggin County, *Gorman, J.*) in the amount of $16,389.67 in favor of Kathleen M. Splude. Dugan contends that he received insufficient notice of a contempt hearing, and that an order signed by the Superior Court allowing alternative service on him of a contempt subpoena violated M.R. Civ. P. 66(d)(2)(C). Because we conclude that, in the circumstances of this case, the use of alternative service for a contempt subpoena was not sufficiently justified, we vacate the judgment.

I.

[¶ 2] Kathleen Splude and James Dugan jointly owned a parcel of property located in Wales. Splude filed a motion to partition the property in February of 2001.

When Dugan failed to appear, the Superior Court entered a default judgment and ordered the property to be partitioned. Dugan failed to comply with the court's decree and, in March of 2002, Splude filed motions for contempt, for an expedited hearing, and for alternative service on Dugan. The motion for alternative service was partially supported by an affidavit of diligent search by a deputy sheriff, dated March 26, 2001, stating that Dugan was avoiding service. The court granted the motions for expedited hearing and for alternative service.[1] The parties subsequently reached an agreement prior to the contempt hearing. Pursuant to that agreement, the Superior Court entered an order, dated March 26, 2002, giving Splude immediate possession of the property and ordering Dugan to vacate the premises within fifteen days.

[¶ 3] The parties' agreement, however, failed to resolve the controversy. Splude again filed a motion for contempt and expedited hearing on May 9, 2002. Splude alleged that Dugan failed to comply with the court's March 26 order and that he substantially damaged the property.[2] Splude also sought an order from the court allowing for alternative service of the contempt subpoena on Dugan. In an order dated May 13, 2002, the Superior Court authorized service of the contempt subpoena and notice of hearing on Dugan by leaving a copy of each at the two locations where Dugan was known to be living. The order further stated, "[s]ervice shall be complete upon the date that the duly authorized deputy sheriff leaves the copy of the documents at the Defendant's dwelling house." The record, however, does not reflect any contemporary affidavit from Splude's attorney or from a deputy sheriff reciting that personal service could not be made on Dugan, or that difficulties existed when serving Dugan. The most recent affidavit in the record reflecting difficulties serving Dugan is the deputy sheriff's affidavit of diligent search dated March 26, 2001.

[¶ 4] Alternative service was nonetheless deemed complete on May 20, 2002, and a contempt hearing was held on May 30, 2002.[3] In a judgment and order entered on August 19, 2002, the Superior Court granted Splude's motion for contempt, finding that Dugan (1) had failed to return Splude's personal property, and (2) maliciously and willfully damaged the jointly owned property. The court therefore ordered Dugan to pay Splude a total of $16,389.67, including attorney fees, and ordered Dugan to be incarcerated in the Androscoggin County Jail until Dugan paid that amount. Dugan filed this appeal.

## II.

[¶ 5] Dugan challenges the court's order, dated May 13, 2002, allowing for alternative service. He contends that because M.R. Civ. P. 66(d)(2)(C) requires personal service on an alleged contemnor, the Superior Court had no authority to allow alternative service and, thus, it did not have proper jurisdiction over him. The type of service required by M.R. Civ.

---

1. The record contains a return of service stating that Dugan was served, in hand, on March 18, 2002.

2. Specifically, Splude alleged that Dugan caused several thousand dollars damage to the property by, for example, punching holes in the wall, removing light fixtures, removing cabinet doors, writing profanity on the walls, and leaving worthless automobiles on the property.

3. Although Dugan again failed to appear, he filed a pro se motion to vacate later that same day. Dugan did not file any proof that service of his motion was made on Splude, however, and his motion was ultimately dismissed.

P. 66(d)(2)(C) is a question of law that we review *de novo*. *See Blanchard v. Sawyer*, 2001 ME 18, ¶ 5, 769 A.2d 841, 843.

■ [¶ 6] Civil contempt proceedings "are considered to be coercive and avoidable through obedience," and thus the Constitution requires notice and an opportunity to be heard before the imposition of contempt sanctions. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994); *see Bd. of Overseers of the Bar v. Lefebvre*, 1998 ME 24, ¶ 15, 707 A.2d 69, 73. We have recognized that the specific type of process due, including notice, varies from case to case "to promote the fairness of each particular action." *Estate of Wilson*, 2000 ME 49, ¶ 20, 747 A.2d 582, 587.

■ [¶ 7] Dugan contends that the order for alternative service, dated May 13, 2002, denied him the procedural protection provided to alleged contemnors by M.R. Civ. P. 66 and, as a result, the $16,389.67 judgment against him is invalid. Subsection (d)(2)(C) of Rule 66, governing service, specifically provides that "[s]ervice upon an individual *shall* be made in hand by an officer qualified to serve civil process." M.R. Civ. P. 66(d)(2)(C) (emphasis added). Dugan relies on the Rule's plain language to argue that in hand service is always required. He notes that, unlike the provision in M.R. Civ. P. 4(d), there is no express provision in M.R. Civ. P. 66 allowing for alternative service. In this case, however, we need not decide the extent of the court's authority to provide for alternative service in a contempt case when an individual deliberately avoids service, *see Alexander v. Sharpe*, 245 A.2d 279, 284 (Me.

1968), because the court relied on an outdated affidavit.

[¶ 8] The Superior Court's May 13, 2002 order, allowing for notice of the contempt hearing through alternative service, apparently relied on the prior sheriff's affidavit of diligent search, dated March 26, 2001. Reliance on such an outdated affidavit does not fulfill the constitutional guarantee that Dugan be given notice and an opportunity to be heard, especially when (1) the hearing described by the contempt subpoena could, and did, result in an incarceration order, and (2) the record contains a return of service reciting that Dugan was served in hand in March of 2002. *See Lefebvre*, 1998 ME 24, ¶ 15, 707 A.2d at 73. At a minimum, Rule 66 and due process require that before a court authorizes service, other than in hand, to notify a party about a hearing on a motion for contempt, sufficient evidence of a current diligent effort to effectuate personal service on the alleged contemnor must exist. The absence of such evidence in this record demonstrates that the court's order on May 13, 2002, provided insufficient notice to Dugan.

III.

■ [¶ 9] We note that the judgment, dated August 18, 2002, indicates that Dugan owes Splude $16,389.67, and orders Dugan to be incarcerated until he pays her that amount. The judgment appears to have been entered pursuant to Rule 66(d)(3)(C). Section 66(d)(3)(C), however, provides for a compensatory fine to indemnify the person aggrieved *in addition to* or as *an alternative to* contempt sanctions imposed pursuant to Rule 66(d)(3)(A), in the form of coercive imprisonment, or Rule 66(d)(3)(B), in the form of a coercive fine.[4]

---

4. M.R. Civ. P. 66(d)(3)(C) provides as follows:
   (d) Plenary Proceedings for Remedial Sanctions.
   . . . .

   (3) *Remedial Sanctions*. The court may impose any of the following sanctions on a person adjudged to be in contempt in a proceeding seeking remedial sanctions.

Failure to pay the compensatory fine, or judgment provided for, cannot be the basis of coercive imprisonment unless and until there is a separate finding by the court, after notice to the defendant, that (1) the defendant has failed or refused to pay the judgment, and (2) it is within the defendant's power to do so. *See* M.R. Civ. P. 66(d)(2)(D)(i) & (ii). No such findings were made here.

The entry is:

Judgment vacated. Remanded to the Superior Court for further proceedings consistent with this opinion.

The court may also order such additional relief as has heretofore been deemed appropriate to facilitate enforcement of orders, such as appointment of a master or receiver or requirement of a detailed plan or other appropriate relief. An order containing a remedial sanction shall contain a clear description of the action that is required for the contemnor to purge the contempt.

. . . .

(C) Compensatory Fine. In addition to, or as an alternative to, sanctions imposed under subparagraph (A) or (B) of this paragraph, if loss or injury to a party in an action or proceeding has been caused by the contempt, the court may enter judgment in favor of the person aggrieved for a sum of money sufficient to indemnify the aggrieved party and to satisfy the costs and disbursements, including reasonable attorney's fees, of the aggrieved party.