MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2015 ME 9
Docket:        Cum-14-218
Submitted
 On Briefs:    December 18, 2014
Decided:       January 29, 2015

Panel:         SAUFLEY, C.J., and MEAD, GORMAN, JABAR, and HJELM, JJ.

CHRISTOPHER MacMAHON

v.

ELIZABETH TINKHAM

SAUFLEY, C.J.

[¶1] Christopher MacMahon appeals from a judgment entered in the District Court (Portland, *Eggert, J.*) denying his motion for contempt against Elizabeth Tinkham for failing to pay child support for the parties' daughters. MacMahon primarily argues that the record compels a finding of contempt because it demonstrates that Tinkham failed to comply with a valid child support order to the fullest extent possible and that she has the present ability to pay. We affirm the judgment.

## I. BACKGROUND

[¶2] Christopher MacMahon and Elizabeth Tinkham are former spouses who have two daughters together, ages seven and nine at the time of hearing.

Tinkham is the mother of four other children—two adolescent sons from previous relationships and two younger children from her current relationship.

[¶3] MacMahon and Tinkham divorced in October 2009. MacMahon was eventually awarded primary physical residence of the girls, with Tinkham to have primary physical residence during school summer vacations. When MacMahon was granted primary physical residence, no child support was awarded to either party. In October 2011, MacMahon moved for an order requiring Tinkham to pay child support when he became aware that Tinkham had significantly more income than she had previously reported. One year later, the court entered a modified judgment of parental rights and responsibilities requiring Tinkham to pay child support to MacMahon. In calculating child support, the court imputed minimum-wage income of $15,600 to MacMahon, who had not worked since 2010, when he sustained physical and mental injuries from a serious car accident. The court determined Tinkham's income to be $35,000 based on Tinkham's business income from 2011 and her projected business sales for 2012. In the modified judgment, the court determined that a downward deviation from the child support guidelines was appropriate "[d]ue to the time and expense involved with the children on [Tinkham's] behalf." It ultimately ordered Tinkham to pay $103

per week in child support, adjusted downward from the child support worksheet calculation of $133.12 per week, effective September 21, 2012.[1]

[¶4] In December 2013, MacMahon filed a motion for contempt pursuant to M.R. Civ. P. 66(d), alleging that Tinkham "wilfully failed and refused to pay the ordered child support for her daughters." After a hearing, the court found the following facts, which are viewed in the light most favorable to support the trial court's judgment. *See Pratt v. Spaulding*, 2003 ME 56, ¶ 10, 822 A.2d 1183.

[¶5] Tinkham currently lives with her boyfriend in Guilford. The undisputed evidence showed that she recently purchased, in a foreclosure proceeding, the home they are living in for approximately $16,000, which she borrowed from her grandmother. She and her boyfriend have six children living with them; they have two biological children together, and each brought two biological children from previous relationships into the home.

[¶6] The total support obligation that Tinkham owes from the effective date of the child support order, September 21, 2012, to March 28, 2014, is $8,137. Tinkham has paid a total of $750 directly to MacMahon. The Department of

---

[1] The court initially inadvertently reversed the parties' incomes on the child support worksheet in calculating support, treating MacMahon as having $35,000 in income and Tinkham as having $15,600. As a result, the court ordered Tinkham to pay $50 per week in child support for the children, adjusted downward from $70.06 per week, effective as of September 21, 2012. In July 2013, MacMahon moved to correct the court's clerical error. Thereafter, the court corrected the error and recalculated Tinkham's support obligation to $103 per week.

4

Health and Human Services, exercising its enforcement powers, seized $235.94 from one of Tinkham's bank accounts.[2] Thus, Tinkham was in arrears at the time of the hearing in the amount of $7,151.06.

[¶7] Tinkham runs her own business making replacement covers for toddler car seats. At the hearing, the court did not have before it Tinkham's net income for 2013 but found that her business was not doing as well as the year before.[3] Tinkham plans to sell her business to her brother for a $2,500 down payment and $500 monthly payments for three years. The court found that Tinkham had sufficient discretionary income to spend approximately $3,000 over the past twelve to fifteen months at Dunkin' Donuts and Starbucks and to spend some money for "X-box type entertainment." The court found it unclear whether these expenditures were for Tinkham's benefit or for the "benefit of the six children living in her household full-time."

---

[2] Notably, the Department seized income from Tinkham's Amazon account, which at the time of hearing had not since been used to collect any of Tinkham's business income. Instead, Tinkham's business proceeds are collected through a PayPal account in her boyfriend's name, making collection difficult. Tinkham also testified that she put the home purchased with her grandmother's funds into her boyfriend's name.

[3] Although Tinkham's gross income from her business has been significant at times, reaching as much as $93,000, her net income is substantially less—approximately between $29,000 and $35,000.

[¶8]   The court ultimately denied MacMahon's motion for contempt,[4] determining that MacMahon had not met his burden of proving by clear and convincing evidence that Tinkham had the present ability to pay child support and was wilfully avoiding her obligation.[5]  The court also denied MacMahon's request for attorney fees and ordered both parties to pay their respective attorney fees. After the court denied MacMahon's motion for partial reconsideration, he timely appealed pursuant to 19-A M.R.S. § 104 (2014) and M.R. App. P. 2(b)(3).

## II.  DISCUSSION

[¶9]   We are unpersuaded by MacMahon's argument that the court improperly denied him his attorney fees.  *See Largay v. Largay*, 2000 ME 108, ¶¶ 16, 17, 752 A.2d 194.  We focus on MacMahon's contention that the record in this matter compels us to vacate the trial court's order and remand the case with instructions to hold Tinkham in contempt for failing or refusing to comply with her child support obligation.

---

[4]  The docket entries in this matter mistakenly indicate that MacMahon's motion for contempt was *granted*.  We direct the clerk's office to correct this clerical error.

[5]  After denying MacMahon's motion for contempt, the court treated it as a motion to enforce and ordered Tinkham to "continue payment of child support as ordered or at least $50 per week toward the obligation."  The court also ordered Tinkham to pay to MacMahon the amount of $2,500 from the down payment for the sale of Tinkham's business, when and if the sale occurs.  MacMahon, however, had not also filed a motion to enforce child support when he filed his motion for contempt.  Thus, no motion to enforce was pending before the court at the time of the order.  MacMahon raises the issue of the court's authority to treat his motion for contempt as a motion to enforce in his statement of issues on appeal to us but does not brief the issue.  We decline to reach issues that are not briefed.  *Alley v. Alley*, 2004 ME 8, ¶ 3, 840 A.2d 107.

[¶10]   We review "[t]he factual findings that form the basis for the trial court's decision regarding motions for contempt . . . for clear error," *Wrenn v. Lewis*, 2003 ME 29, ¶ 13, 818 A.2d 1005, and the ultimate "denial of a motion for civil contempt for abuse of discretion." *Ames v. Ames*, 2003 ME 60, ¶ 22, 822 A.2d 1201.  Moreover, because MacMahon did not request further findings of fact pursuant to M.R. Civ. P. 52, "we assume that the court made any necessary subsidiary findings that are supported by competent evidence in the record." *Efstathiou v. Efstathiou*, 2009 ME 107, ¶ 10, 982 A.2d 339.

[¶11]   As the moving party, MacMahon had the burden of proof at trial to demonstrate by clear and convincing evidence that Tinkham is presently able to comply with the court's child support order and that she has failed or refused to do so.  M.R. Civ. P. 66(d)(2)(D); *Ames*, 2003 ME 60, ¶ 22, 822 A.2d 1201.  "[T]he ability to . . . comply with a court order is not an all or nothing proposition"; rather, "[a] person subject to court order must comply to the fullest extent possible, regardless of whether such efforts result in compliance in whole or in part." *Efstathiou*, 2009 ME 107, ¶ 13, 982 A.2d 339 (quotation marks omitted).  When, as here, the party with the burden of proof at trial is challenging the denial of the requested relief, to succeed on appeal, MacMahon has the very high burden of demonstrating "that a contrary finding is compelled by the evidence."  *Id.* ¶ 10 (quotation marks omitted).

[¶12]   Although there was evidence of Tinkham's discretionary spending, and her minimal effort to support her daughters was apparent, we cannot conclude that the evidence *compels* a finding of contempt.  The court, "as fact-finder and sole arbiter of witness credibility, was free to selectively accept or reject portions or all of [Tinkham's] testimony."   *Id.* ¶ 12.   Evidence in the record that (1) Tinkham's net income from her business was somewhere between $29,000 and $35,000 per year; (2) she is supporting four other children; (3) she is living with six children and her boyfriend in an 1860 farmhouse, which she purchased in a foreclosure proceeding with $16,000 that she borrowed from her grandmother; and (4) her business did not do as well as she had anticipated in 2013 was sufficient to support the court's determination that MacMahon had not proved contempt by clear and convincing evidence.

[¶13]   Finally, we note that multiple judges and magistrates have addressed this lengthy, contentious post-judgment divorce litigation.   In any additional proceedings, this case should be specially assigned to a single trial judge.

The entry is:

Judgment affirmed.

8

**On the briefs:**

Dori F. Chadbourne, Esq., Chadbourne Law Offices, P.A., Portland, for appellant Christopher MacMahon

Roderick H. Potter, Esq., Saco, for appellee Elizabeth Tinkham

Portland District Court docket number FM-2007-1246
FOR CLERK REFERENCE ONLY