MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2018 ME 145
Docket:       Pen-18-89
Submitted
  On Briefs:  September 26, 2018
Decided:      October 30, 2018

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HUMPHREY, JJ.

TOWN OF GLENBURN

v.

SIDNEY PINKHAM

PER CURIAM

[¶1]  Sidney Pinkham appeals from a judgment entered by the District Court (Bangor, *Jordan, J.*) in favor of the Town of Glenburn on its land use violation complaint filed pursuant to 30-A M.R.S. § 4452 (2017) and M.R. Civ. P. 80K.  Pinkham asserts that the court violated his right to procedural due process and abused its discretion during the hearing on the complaint by (1) allowing one of the Town's witnesses to testify by telephone, *see* M.R. Civ. P. 43; and (2) failing to exclude two hearsay statements on its own initiative.  He further argues that the court erred in not making explicit findings addressing the statutory factors to be considered in setting the amount of the civil penalty that it imposed.  *See* 30-A M.R.S. § 4452(3)(E).  Because the record is devoid of any evidence of one of the factors that 30-A M.R.S. § 4452(3)(E)

requires the court to consider, we vacate the imposition of the civil penalty. In all other respects, including the award of attorney fees and costs pursuant to 30-A M.R.S. § 4452(3)(D), we affirm the judgment.

## I. BACKGROUND

[¶2] At the hearing on this matter, the court heard testimony from two witnesses: the owner of property that abuts Pinkham's, who testified telephonically, and the Town's Code Enforcement Officer. In its resulting judgment, the court found the following facts, "which are viewed in the light most favorable to support the trial court's judgment." *MacMahon v. Tinkham*, 2015 ME 9, ¶ 4, 109 A.3d 1141. Pinkham was the owner of property in the Town from December 22, 2016, through August 18, 2017. During that time, the mobile home located on the property had plumbing fixtures installed but was not connected to a sewage disposal system. Additionally, the plumbing fixtures were not supplied with potable running water, and a portable toilet was used as a substitute for a permanent toilet.

[¶3] On September 8, 2017, the Town filed a land use citation and complaint in the District Court pursuant to 30-A M.R.S. § 4452 and M.R. Civ. P. 80K, alleging that Pinkham's property was in violation of a wastewater disposal rule promulgated by the Department of Health and Human

Services, 16 C.M.R. 10 144 241-22 § 4(I) (2015), and sections 305 and 601 of the Uniform Plumbing Code, as adopted by 8 C.M.R. 02 395 4-1 § 1 (2016). The Town sought a civil monetary penalty and attorney fees as well as an order from the court requiring Pinkham to remove the violations and enjoining him from occupying the property until he complied.

[¶4] The court ordered Pinkham to maintain the property in compliance with regulatory requirements by supplying the dwelling structure with pressurized water and with a subsurface wastewater disposal system,[1] and further ordered him to pay a $23,900 civil monetary penalty and reasonable attorney fees. Pinkham timely filed a notice of appeal. *See* 14 M.R.S. § 1901 (2017); M.R. App. P. 2A, 2B(c)(1).

## II. DISCUSSION

[¶5] Pinkham first contends that the court violated his right to procedural due process and abused its discretion during the hearing on the Town's complaint by allowing one of the Town's witnesses to testify by telephone and by failing to exclude two hearsay statements on its own initiative. We conclude that the court acted within its discretion and committed

---

[1] The parties agreed, and the evidence establishes, that the violations alleged in the complaint had been fully abated by late August 2017, shortly before the Town filed its land use complaint.

4

no due process violation when it allowed a witness to testify by telephone. The circumstances necessitating the call constituted good cause, and the court safeguarded Pinkham's right to cross-examine the witness, *see* M.R. Civ. P. 43(a), (i).

[¶6] Similarly, the court committed no error in not excluding, *sua sponte*, testimony from the Town's Code Enforcement Officer concerning two out-of-court statements made by the witness who testified telephonically. The Town did not offer the witness's prior statements for their truth, *see* M.R. Evid. 801(c)(2), rather, it offered them (1) to authenticate the witness's affidavit as part of that witness's telephonic testimony, *see* M.R. Evid. 901(b)(1), and (2) to demonstrate that the witness's prior statements concerning violations had the effect of prompting the Code Enforcement Officer to inspect Pinkham's home, *see In re Hope H.*, 2017 ME 198, ¶ 13, 170 A.3d 813; *State v. Harrigan*, 662 A.2d 196, 197-98 (Me. 1995). Furthermore, the statements were merely cumulative of the live telephonic testimony, rendering admissibility harmless even if the statements were considered hearsay. *See State v. Witham*, 1997 ME 77, ¶ 16, 692 A.2d 930 (concluding that admission of the witness's hearsay statements was harmless error where other admissible testimony made it highly probable that the error did not affect the verdict).

[¶7]  Pinkham next argues that the court erred in not making explicit findings addressing the statutory factors to be considered in setting the amount of a civil penalty.  "On review after a hearing in which the court has stated its findings, and there has been no motion for further findings, we will infer that the court found all the facts necessary to support its judgment if those inferred findings are supportable by evidence in the record."  *State v. Connor*, 2009 ME 91, ¶ 9, 977 A.2d 1003.

[¶8]  In this case, although the evidence supports the court's ultimate finding that Pinkham allowed the alleged plumbing and subsurface wastewater disposal violations to occur on the property, the record is devoid of any mention of a "municipal order to stop," 30-A M.R.S. § 4452(3)(E)(3), or any other notice to the landowner that he was in violation of the ordinance.  Thus, on the evidence before it, the court could not have considered the extent to which the violations may have continued after notification to Pinkham—a factor that must be considered by the court before assessing a civil penalty.[2]  In the

---

[2]  Pursuant to 30-A M.R.S. § 4452(3)(E) (2017), in setting a civil penalty, "the court shall consider, but is not limited to, the following: (1) Prior violations by the same party; (2) The degree of environmental damage that cannot be abated or corrected; (3) The extent to which the violation continued following a municipal order to stop; and (4) The extent to which the municipality contributed to the violation by providing the violator with the incorrect information or by failing to take timely action."

6

absence of such evidence,[3] the imposition of the $23,900 civil penalty must be vacated. However, because the court's finding that the violations occurred was indeed fully supported by competent evidence in the record, the award of attorney fees is affirmed.

The entry is:

> The imposition of a civil penalty pursuant to 30-A M.R.S. § 4452(3) is vacated; in all other respects, including the award of attorney fees and costs pursuant to 30-A M.R.S. § 4452(3)(D), the judgment is affirmed.

---

Joseph M. Baldacci, Esq., Bangor, for appellant Sidney Pinkham

Kate J. Grossman, Esq., Farrell, Rosenblatt & Russell, Bangor, for appellant Town of Glenburn

Bangor District Court docket number CV-2017-231
FOR CLERK REFERENCE ONLY

---

[3] Although service of a Rule 80K land use citation and complaint could be construed as a municipal order to stop, the service here occurred after the violation had been abated. Furthermore, although the complaint states that the Code Enforcement Officer notified Pinkham of the violation by letter on December 22, 2016, there is no evidence in the record consistent with that allegation. The contents of a complaint do not constitute evidence. *See Fuhrmann v. Staples the Office Superstore E., Inc.*, 2012 ME 135, ¶ 18, 58 A.3d 1083.