MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2018 ME 161
Docket:       Cum-18-27
Argued:       October 25, 2018
Decided:      December 11, 2018

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

CITY OF PORTLAND

v.

SULAN CHAU

SAUFLEY, C.J.

[¶1]  Sulan Chau—the owner of an apartment building in Portland—appeals from a judgment entered by the District Court (Portland, *Goranites, J.*) on the City of Portland's land use citation and complaint following a trial that Chau failed to attend.  *See* M.R. Civ. P. 80K.  In its judgment, the court found that the City had proved multiple code violations.  The court imposed penalties on Chau of more than $500,000 plus costs and attorney fees upon finding that conditions in her building violated fire, electrical, and life safety provisions of Maine statutes and the Portland City Code.  Chau challenges only the court's determination of the penalties.  We affirm the judgment.

[¶2]  Chau owns a five-unit apartment building on Woodford Street in Portland.  Over the course of twenty-eight months, the City inspected the

2

building repeatedly and notified Chau of violations in writing on eight occasions. Although she made a few improvements, she did not remedy significant life safety, electrical, and fire code violations that endangered her tenants.

[¶3] The City ultimately commenced an enforcement action in the District Court in November 2017. *See* M.R. Civ. P. 80K. The court provided a language interpreter, and Chau appeared in person to make an initial appearance in December 2017. On the day of that appearance, a final hearing was scheduled for January 8, 2018. At that January hearing, an interpreter was again present, but Chau did not appear nor did an attorney appear on her behalf.[1]

[¶4] The court determined that Chau had defaulted. The trial proceeded in her absence, and the court heard evidence concerning the multiple violations in order to determine what penalties should be imposed. The city presented testimony from the captain of the Portland Fire Department, the City's inspections director, and the City's code enforcement officer responsible for housing safety inspections. The court also admitted in evidence several records

---

[1] Despite the significance of the alleged violations, and the potential for substantial penalties, no attorney entered an appearance on Chau's behalf until eight days after the entry of judgment. *See* 30-A M.R.S. § 4452(3)(B) (2017); Portland, Me., City Code § 6-1(a)(1), (3) (Nov. 19, 2018).

documenting the City's multiple inspections of the apartment building owned by Chau and the multiple notices of violations provided to her.

[¶5]  Based on the evidence presented, the court found that the City had proved multiple violations, including obstructed exits, lack of fire-rated doors, numerous incidents of bedbug infestation, lack of continuous handrails on stairs, lack of smoke and carbon monoxide alarms, electrical violations, and leaking sewage and other pipes.  In its judgment, entered on January 11, 2018, the court found that some violations had been remedied, many of them soon after the City filed its complaint in the District Court.  The court ordered that the still-existing handrail, bedbug, and leaking pipe violations be remedied within thirty days.  It imposed civil penalties of $510,300 based on the minimum per-day penalties established in 30-A M.R.S. § 4452(3)(B) (2017) (authorizing the imposition of a penalty of $100 to $2,500 per specific violation) and Portland, Me., City Code § 6-1(a)(1), (3) (Nov. 19, 2018) (establishing a $200-per-day minimum penalty for a specific "significant code violation"[2]).  The court ordered Chau to pay the penalties within thirty days.

---

[2]  The City Code defines a "significant code violation" as follows in section 6-1.1:

> *Significant code violation* shall mean any of the following:
>
>   a.  Inadequate or blocked ingress or egress;

4

The court also ordered Chau to pay costs of $150 and attorney fees of $2,820 within thirty days. *See* 30-A M.R.S. § 4452(3)(D) (2017). Recognizing that her default resulted in a failure to preserve appellate challenges to the findings of violations, Chau now appeals to us only from the determination of sanctions, arguing that the court incorrectly applied the statute governing penalties, 30-A M.R.S. § 4452(3)(E) (2017). *See* 14 M.R.S. § 1901 (2017); M.R. Civ. P. 80K(j).

[¶6] By statute, a court determining a penalty for a housing violation must consider several factors. Specifically,

> [i]n setting a penalty, the court shall consider, but is not limited to, the following:
>
> **(1)** Prior violations by the same party;
>
> **(2)** The degree of environmental damage that cannot be abated or corrected;

---

b. Overcrowded conditions as described in section 6-110;

c. Unsanitary conditions as described in section 6-109, including but not limited to vermin infestation;

d. Inadequate or defective smoke or fire detection systems;

e. Inadequate or defective plumbing or electrical systems;

f. Substantially damaged or defective structural elements; and

g. Intentional denial of heat or electricity to the legal occupant of a dwelling unit by the owner of the dwelling unit. . . .

Portland, Me., City Code § 6-1.1 (Nov. 19, 2018).

**(3)** The extent to which the violation continued following a municipal order to stop; and

**(4)** The extent to which the municipality contributed to the violation by providing the violator with incorrect information or by failing to take timely action.

30-A M.R.S. § 4452(3)(E). The Portland City Code contains substantively identical language. *See* Portland, Me., Code § 6-1(a)(6). The court here determined the amount of the civil penalty by considering the factors set forth in 30-A M.R.S. § 4452(3)(E), including, as the court noted, "the lengthy history of violations at the Property; the significant amount of effort put in by the City to obtain compliance; the fact that this is not the first dispute that the Defendant has been involved in with the City; and the fact that [the] City has not provided incorrect or inaccurate information to [Chau]."

[¶7] Because Chau failed to appear at the hearing, she did not offer evidence or argument in her own defense. She therefore failed to preserve her arguments, even regarding sanctions, for appeal, and we review the court's imposition of the penalties only for obvious error. *See Ackerman v. Yates*, 2004 ME 56, ¶ 20, 847 A.2d 418. The evidence confirms that the City clearly identified multiple Code violations on Chau's property that posed immediate threats to the safety and health of her tenants; it advised her of those violations;

6

it undertook reasonable efforts to work cooperatively with her to remedy those violations; Chau nonetheless failed to address many of the significant fire and life safety violations until after the complaint was filed; and Chau failed to appear at trial, even after having attended the initial appearance in the matter. The court imposed a substantial sanction, consistent with the statute and the Portland City Code, after having provided Chau with notice and the opportunity to be heard.[3] The record supports the court's decision.

The entry is:

Judgment affirmed.

Roy T. Pierce, Esq. (orally), Jensen Baird Gardner & Henry, Portland, for appellant Sulan Chau

Anne M. Torregrossa, Esq. (orally), City of Portland, Portland, for appellee City of Portland

Portland District Court docket number CV-2017-490
FOR CLERK REFERENCE ONLY

---

[3] Although Chau has challenged the court's authority to impose the penalties pursuant to 25 M.R.S. § 2468 (2017) and 30-A M.R.S. § 4452 (2017), an argument we hereby reject, she does not assert that the City failed to provide her with notice of the violations, nor does she challenge the imposition of penalties from the dates of the inspections rather than the dates of the mailed notices of defects. *See* 30-A M.R.S. § 4452(3)(E)(3); *Town of Glenburn v. Pinkham*, 2018 ME 145, ¶ 8, --- A.3d ---.