MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions

Decision:     2020 ME 36
Docket:       Kno-19-216
Argued:       March 2, 2020
Decided:      March 26, 2020

Panel:        SAUFLEY, C.J., and MEAD, GORMAN, JABAR, HUMPHREY, HORTON, and CONNORS, JJ.

LAQUINN D. EVANS

v.

STATE OF MAINE

GORMAN, J.

[¶1]  During a hearing on LaQuinn D. Evans's petition for post-conviction review, the Unified Criminal Docket (Knox County, *Wheeler, J.*) announced that it would grant Evans's petition.  As the court began to issue that decision from the bench, a witness's interruption led the court to resume the hearing. Ultimately, the court denied Evans's petition.  Evans appeals.  In the unique circumstances of this case, we conclude that Evans must receive a new hearing on his petition.

I.  BACKGROUND

[¶2]  On August 4, 2017, Evans was charged by complaint with one count of trafficking in prison contraband (Class C), 17-A M.R.S. § 757(1)(B) (2018). Evans accepted the State's plea offer, waived indictment, and pleaded guilty.  On

2

October 4, 2017, the court entered a judgment and commitment sentencing Evans in accordance with the plea deal.

[¶3] On February 15, 2018, Evans filed a timely petition for post-conviction review, alleging ineffective assistance by his plea counsel. *See* 15 M.R.S. § 2128-B(1) (2018). In November of 2018, the court—the same justice who had accepted Evans's guilty plea and sentenced him—held an evidentiary hearing on Evans's petition.

[¶4] At the hearing, Evans's post-conviction counsel conducted extensive direct examination of Evans's plea counsel. Before the State's cross-examination of the witness, the court took a recess and, in a discussion in chambers during that recess, told counsel that it had "heard enough evidence to make at least a preliminary decision, which would end up in leading me to a resentencing."[1] Upon resuming the hearing, the court announced that it was "prepared to state on the record all of the things that provide a basis for my decision, or I can also write a decision." The court then began to announce its decision from the bench.

---

[1] The record does not contain a transcript or recording of the in-chambers conversation. This is a quotation from the court's statement upon returning to the bench.

[¶5]  Evans's plea counsel, still in the courtroom as a potential witness, interrupted to say that she "would like to be able to put on a defense."  This interjection sparked a colloquy between the court and the State, after which the court permitted the State to cross-examine Evans's plea counsel.  Evans opted not to testify at the hearing.  Six months later, the court denied Evans's petition.

## II.  DISCUSSION

[¶6]  We do not reach the merits of Evans's underlying petition because we conclude that the judgment must be vacated on procedural grounds.  After hearing only a portion of the evidence, the court caused both parties to believe that the hearing was over and that Evans was to receive a new trial.  *See Jusseaume v. Ducatt*, 2011 ME 43, ¶¶ 9, 11-15, 15 A.3d 714.  In the middle of announcing its decision, the court was reminded by a witness—Evans's plea counsel—that there was more evidence to be considered.  The court then permitted more evidence to be presented and, after hearing all of the evidence, reached a decision very different from the one it originally announced.  We conclude that the confluence of these unusual events has irredeemably tarnished the appearance of fairness in the proceeding.  *See State v. Bard*, 2018 ME 38, ¶ 50, 181 A.3d 187.  Accordingly, we vacate the court's judgment and

remand for a new hearing on Evans's post-conviction petition, to be conducted by a different justice.

[¶7]  Our decision is a narrow one, limited to these extraordinary facts. We hold simply that, in the unique circumstances of this case, the process at Evans's hearing was insufficiently protective of the need for "public trust and confidence in the procedures employed by the courts."  *Id.* ¶ 52.

The entry is:

> Judgment vacated.  Remanded for a new hearing
> on Evans's petition for post-conviction review, to
> be conducted by a different justice.

---

James M. Mason, Esq. (orally), Handelman & Mason LLC, Brunswick, for appellant LaQuinn D. Evans

Natasha Irving, District Attorney, and Elizabeth Noble, Asst. Dist. Atty. (orally), Prosecutorial District VI, Rockland, for appellee State of Maine

Knox County Unified Criminal Docket docket number CR-2018-171
FOR CLERK REFERENCE ONLY