**STATE OF MAINE**
**CUMBERLAND, ss.**

**SUPERIOR COURT**
**CIVIL ACTION**
**DOCKET NO: AP-20-03**

BEHAVIORAL HEALTH )
RESOURCES, INC., )
 )
   **Plaintiff/Appellee,** )
 )   **ORDER**
**v.** )
 )
RACHEL WALLS, )
 )
   **Defendant/Appellant**

Before the Court is Defendant/Appellant's appeal from the District Court's judgment in favor of the Plaintiff/Appellee. For the forgoing reasons, the judgment of the District Court is affirmed.

**I. Factual Background:**

The following facts are taken from the District Court's findings and will not be disturbed unless clearly erroneous.

The Appellant, who is the sole proprietor of Rachel Walls Fine Art, subleased the subject premises from the Appellant in June, 2017, for a term expiring on May 31, 2019. (Order on Def's. Mot. for Findings of Fact and Conclusions of Law p. 1.) The lease was non-residential and the Appellant used the space as a gallery, office, and workspace associated with the sale of artwork. (*Id.* at 1-2; *citing* Sublease at ¶ 3.) The Appellee brought this Forcible Entry and Detainer Action ("FED Action") in the District Court alleging that the Appellant was refusing to vacate after the expiration of the original sublease. (Order on Def's. Mot. for Findings of Fact and Conclusions of Law pg. 1.)

The Cumberland County Sherriff's Office made three attempts to serve the Appellant with the FED summons and Complaint by hand. (Order on Def's. Mot. Diss. pg. 1.) After the third

| For Plaintiff: Jeffrey Bennett, Esq. | Page 1 of 6 | For Defendant: David Lourie, Esq. |
|---|---|---|

REC'D CUMB CLERKS OFF
DEC 10 '20 AM10:44

attempt, the Sherriff posted a copy of the summons and Complaint at the leased premises and Appellee's counsel sent the summons and Complaint by first-class and certified mail addressed to the leased premises as well as by electronic mail. (*Id.*) The Appellant contends that she learned about the FED Action when the copy of the summons and Complaint were emailed to Appellant's legal counsel. (Ap. Br. 4.) The Appellant's subsequent Motion to Dismiss the FED Action for insufficient service of process was denied. (Order on Def's. Mot. Diss.)

At the subsequent evidentiary hearing, the District Court found that the Appellant was not entitled to present a defense pursuant to 14 M.R.S. § 6017 because the Appellant had not tendered the rent Appellant owed to the court for the clerk to hold in escrow during the pendency of the FED Action. (Order on Def's. Mot. for Findings of Fact and Conclusions of Law pg 1.) After the Appellee presented its case in favor of the FED Action, the Court ruled in favor of the Appellee. (Judgment: Forcible Entry and Detainer p 1.)

The Appellant's appeal challenges both: (1) the District Court's denial of its Motion to Dismiss; and (2) the District Court's application of 14 M.R.S. § 6017 to Appellant's lease.

## II. Standard of Review

An appeal from a District Court Judgment is limited to questions of law and the District Court's factual determinations shall not be set aside unless clearly erroneous. M. R. Civ. P. 76D.

## III. Discussion:

### A. Service:

Forcible entry and detainer actions "must be commenced and service shall be made in the same manner as other civil actions[.]" 14 M.R.S. § 6004. However, if after three good faith attempts to serve the defendant have been made on three separate days, "service may be accomplished" by both: mailing the summons and complaint by first-class mail to the defendant's

last known address; and leaving the summons and complaint at the defendant's last and usual place of abode. 14 M.R.S. § 6004. When considering whether to dismiss a complaint for insufficient process or service of process, "the fact of actual notice is of central importance . . . because actual notice is the ultimate goal of any form of service." *Maguire Const., Inc. v. Forster*, 2006 ME 112, ¶ 12, 905 A.2d 813 (citations omitted). A mere technical deficiency in service "[does] not mandate dismissal when the defendant had timely and actual notice[.]" *Id.*

Here, the Court cannot find that the District Court's factual determination that the Appellant had actual notice of this FED Action was clearly erroneous. The law is well settled that actual notice of a complaint controls whether a court should dismiss an action for insufficient service of process. Therefore, the Appellant's challenge to the District Court's denial of her Motion to Dismiss is a factual one; challenging whether or not the Appellant had actual notice of the FED Action. The Appellant has not put forth any evidence to suggest that she lacked actual notice of the FED Action. Instead, the Appellant acknowledges that she became aware of the FED Action because a copy of the summons and Complaint were sent to Appellant's counsel. As such, this Court cannot find that the District Court's factual determination that the Appellant had actual notice of the FED Complaint was clearly erroneous and the Appellant's first assignment of error must fail.

Furthermore, the Appellant is incorrect that the Superior Court always reviews service of process challenges de novo. In *Splude v. Dugan* cited by the Appellant, the Law Court heard a direct appeal from the Superior Court wherein it reviewed only those specific service of process requirements that must be observed in contempt proceedings. 2003 ME 88, 828 A.2d 772. This is not a contempt proceeding. Moreover, Maine Rule of Civil Procedure 76D, which specifically governs this appeal, states that the Superior Court shall not set aside a District Court's factual

findings unless such are found to be clearly erroneous. Therefore, because there is nothing in the record that suggests that the District Court's factual determination that the Appellant had actual notice of the FED Action was clearly erroneous, the Appellant's first assignment of error must fail.

## B. Application of 14 M.R.S. § 6017

The Appellant next argues that the District Court erred when it applied 14 M.R.S. § 6017 to the Appellant's lease. The Appellant challenges both the factual determinations of the District Court and, whether as a matter of law, the Court is allowed to consider certain evidence when determining whether Section 6017 applies.

Section 6017 governs entry and detainer actions in commercial leases, which are defined as "a nonresidential tenancy of premises by a for-profit business entity." 14 M.R.S. 6017(1)(A). The Law Court has adopted the following relevant definitions: "a sole proprietorship is a business form in which an individual owns the business and a sole proprietor refers to a single individual who owns a business." *Bank of America v. Barr*, 2010 ME 124, ¶ 26, 9 A.3d 816; *quoting Ladd v. Schudder Kemper Invs., Inc.*, 433 Mass. 240, 741 N.E.2d 47 49-50 (Mass. 2001).

Here, the Appellant first argues that the lease was not for commercial purposes because it was entered into solely by the Appellant as a natural person, and there is no evidence that any commercial activity was conducted on the premises. However, the clear language of the lease states that the Appellant intended to use the premises as an office and workspace for "art curator." (Sublease ¶ 3.) Based on this, the District Court found that:

> "The court considers such office and exhibition use by a sole proprietor doing business as Rachel Walls Fine Art a nonresidential for-profit business use within the statutory definition of commercial tenancy."

(Order on Def's. Mot. for Findings of Fact and Conclusions of Law pg. 2.) The Appellant also acknowledges that the Appellant is the sole proprietor of Rachel Walls Fine Art and that is how the Appellant earns a living. (App. R. Br. 6.)

The Appellant has not presented sufficient evidence to show that the District Court's factual determination here was clearly erroneous. The Appellant admits that she curated art at the premises and that her business, Rachel Walls Fine Art, is involved in the sale and reproduction of fine art. (App Br. 21.) Furthermore, evidence produced at hearing showed that the premises was open to the public so that visitors could view art exhibits. This, combined with the observation that the lease specifically stated that the Appellee was to utilize the premises as an office for art curatorship, the District Court had sufficient grounds to determine, as a factual matter, that the premises was being used to further the Appellant's for-profit venture. Based on this, this Court cannot find that the District Court erred when it applied Section 6017 to the Appellant's lease because the Court's determination that the premises was for the benefit of the Appellant's for-profit business entity was not clearly erroneous.

Similarly, this Court cannot say that the District Court committed legal error when it considered evidence of how the premises was being used in order to determine whether the lease was for commercial purposes. The Appellant argues that the applicability of Section 6017 depends solely on the nature and character of the tenant rather than how the tenant actually uses the property. (App Br. 21.) However, this argument is without merit due to the absurd and inconsistent results that would follow. *See Sparks v. Sparks*, 2013 ME 41, ¶ 14, 65 A.3d 1223 ("any interpretation that produces absurd, illogical, or inconsistent results must be rejected"). Under the Appellant's argument, a sole proprietor, general partnership, or other related business entity, could avoid Section 6017's requirements simply because a sole proprietor or single general

partner signed a non-residential lease in his or her name only. Such arbitrary distinctions must be rejected. Therefore, the District Court did not commit legal error when it considered how the Appellant was utilizing the property when determining whether Section 6017 applied to the Appellant's lease.

## IV. Conclusion:

For the reasons above, this Court affirms the judgment of the District Court and this case shall be remanded to the District Court and judgment shall be issued in favor of the Appellee.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: December 10, 2020

Mary Gay Kennedy
Justice, Maine Superior Court

Entered on the Docket: 12/14/2020